IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NEWLAND NORTH AMERICA FOODS, INC., <br><br> Plaintiff(s), <br> v. <br><br> H.P. SKOLNICK, INC., et. al., <br><br> Defendant(s). | CASE NO. 5:13-cv-00934 EJD <br><br> **ORDER GRANTING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER; ISSUING ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION** <br><br> [Docket Item No(s). 3, 6] |

Plaintiff Newland North America Foods, Inc. ("Plaintiff") commenced the instant case primarily under the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. § 499e(c)(3), against Defendants H.P. Skolnick, Inc., doing business as Imperial Frozen Foods ("Imperial"), and its principal, Henry Peter Skolnick ("Skolnick").[1]  Presently before the court is Plaintiff's *ex parte* application for a temporary restraining order ("TRO") to enjoin Imperial and Skolnick from dissipating PACA trust assets.  See Docket Item No. 3.  Plaintiff has also filed a motion for preliminary injunction.  See Docket Item No. 6.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1331.  Having carefully reviewed this matter, the court finds that Plaintiff is entitled to *ex parte* injunctive relief.  Accordingly, the request for a TRO will be granted and a hearing on the motion for preliminary injunction will be held on

---

[1] Imperial and Skolnick are referred to collectively as "Defendants" in this Order.

1

Case No. 5:13-cv-00934 EJD
ORDER GRANTING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER; ISSUING
ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

Friday, March 15, 2013, at 11:00 a.m. as stated in the order which follows.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a PACA licensee and sells wholesale quantities of perishable agricultural commodities in interstate commerce.  See Compl., Docket Item No. 1, at ¶¶ 1, 2.  Defendants, also operating under a PACA license, are engaged in the business of negotiating sales and purchases of various types of produce in interstate commerce.  Id. at ¶ 5, 6.

On September 26, 2012, and again on November 19, 2012, Plaintiff sold to Imperial shipments of Polish cherries.  See Decl. of Jonathan Morgan ("Morgan Decl."), Docket Item No. 4, at Ex. 1.  Plaintiff provided to Imperial invoices for each shipment on the date of the transaction, all of which contain the following statement:

> The perishable commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c fo the Perishable Agricultural Commodities Act....The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

Id.

The total price of the produce accepted by Imperial is $126,263.85.  See Compl., at ¶ 9. Defendants have not paid any amount toward this outstanding balance.

In mid-October 2012, Plaintiff began calling Imperial to discuss payment.  See Morgan Decl., at ¶ 13.  Plaintiff was first directed to the accounts payable clerk, Regina Birlem ("Birlem"). Id.  When payment was not received by late November 2012, Plaintiff began calling and e-mailing Birlem on a bi-weekly basis to obtain payment.  Id. at ¶ 14.  Eventually Plaintiff was referred to Skolnick in December, 2012.  Id. at ¶ 15.  Plaintiff's telephone calls and collections e-mails to Skolnick, however, were unsuccessful.  Id. at ¶ 16.

On January 29, 2013, Plaintiff's lawyer sent a formal demand for payment to Imperial and sent an accompanying notice to Imperial's main secured lender.  Id. at ¶ 17.  Skolnick called Plaintiff's lawyer to acknowledge the demand and requested extra time to make payment.  Id. at ¶ 18.  Since that time, however, it does not appear that Skolnick has responded to either demands for

payment or requests to discuss settlement. Id. at ¶ 19. Based on information from other suppliers, Plaintiff believes that Defendants are experiencing financial difficulties. Id. at ¶ 20.

## II. DISCUSSION

### A. Legal Standard

PACA provides for the establishment of a statutory trust "in which a produce dealer holds produce-related assets as a fiduciary until full payment is made to the produce seller or producer." Bowlin & Son, Inc. v. San Joaquin Food Serv. (In re San Joaquin Food Serv., Inc.), 958 F.2d 938, 939 (9th Cir. 1992). "The trust automatically arises in favor of a produce seller upon delivery of produce and is for the benefit of all unpaid suppliers or sellers involved in the transaction until full payment of the sums owing has been received." C & E Enters., Inc. v. Milton Poulos, Inc. (In re Milton Poulos, Inc.), 947 F.2d 1351, 1352 (9th Cir. 1991).

Plaintiff seeks a TRO to preserve PACA trust assets. The standard for issuing a TRO is the same as that for the issuance of preliminary injunction. See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). "In the Ninth Circuit, a district court may issue a preliminary injunction when the moving party demonstrates either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and the balance of hardships tips sharply in its favor." Lockheed Missile & Space Co v Hughes Aircraft Co., 887 F. Supp. 1320, 1322 (N.D. Cal. June 7, 1995) (citing Arcamuzi v. Continental Air Lines, Inc, 819 F.2d 935, 937 (9th Cir. 1987)); Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1049 (9th Cir. 2010). "These formulations are not different tests but represent two points on a sliding scale in which the degree of irreparable harm increases as the probability of success on the merits decreases." Big Country Foods, Inc. v Board of Educ. of the Anchorage School Dist., 868 F.2d 1085, 1088 (9th Cir. 1989).

### B. Application

Here, Plaintiff has met its burden to demonstrate probable success on the merits coupled with

3
Case No. 5:13-cv-00934 EJD
ORDER GRANTING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER; ISSUING
ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

the possibility of irreparable injury.

As to the first part of the test, Plaintiff is entitled to the benefits associated with a PACA trust as a registered producer of agricultural commodities, and has preserved its ability to enforce the benefits of PACA through language on the invoices used in its dealings with Imperial. See 7 U.S.C. § 499a(b)(6); see also 7 U.S.C. § 499e(c)(3) ("The unpaid supplier, seller, or agent shall lose the benefits of such trust unless such person has given written notice of intent to preserve the benefits of the trust to the commission merchant, dealer, or broker and had filed such notice with the Secretary [of Agriculture] within thirty calendar days (I) after expiration of the time prescribed by which payment must be made, as set forth in regulations issued by the Secretary, [or] (ii) after expiration of such other time by which payment must be made...."); see also JC Produce, Inc. v. Paragon Steakhouse Restaurants, Inc., 70 F. Supp. 2d 1119, 1122, at n.5 (concluding that the notice on plaintiff's invoices, which advised that produce was sold pursuant to statutory trust authorized by PACA and were unchallenged by defendant, appeared consistent with PACA's statutory notice requirements). Also, it appears that Defendants qualify as both a "dealer" and a "broker" as those terms are defined by PACA based on the amount of produce purchased by Imperial, and are likewise subject to the obligations imposed by PACA. See 7 U.S.C. § 499a(b)(6)-(7).

In addition, Plaintiff has presented sufficient evidence to demonstrate (1) that Defendants have not complied with their duties under PACA to maintain trust assets, and (2) that Plaintiff has not been fully paid - or paid at all - for produce it sold to Imperial. Thus, Plaintiff has demonstrated likely success on the merits in its application.

Moreover, Plaintiff has shown that it will suffer irreparable injury in the absence of a TRO. "A showing of threatened trust dissipation amounts to a showing of a possibility of irreparable injury." Rey Rey Produce SFO, Inc. v. Mis Amigos Meat Market, Inc., No C 08-1518 VRW, 2008 U.S. Dist. LEXIS 40607, at *5 (N.D. Cal. Apr. 24, 2008). "[O]nce the PACA trust is dissipated, it is almost impossible for a beneficiary to obtain recovery." Tanimura & Antle, Inc. v Packed Fresh Produce, Inc., 222 F.3d 132, 139 (3rd Cir. 2000) (citing Frio Ice, SA v Sunfruit, Inc., 918 F.2d 154, 159 (11th Cir. 1990)). In this case, Defendants have been nearly unresponsive to Plaintiff's

4

Case No. 5:13-cv-00934 EJD
ORDER GRANTING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER; ISSUING ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

demands for payment and requests to discuss settlement since October, 2012.  This inactivity on the part of Defendants supports Plaintiff's belief that Defendants are experiencing financial difficulties.  Moreover, the court is concerned about Skolnick's prior request for a payment extension without any subsequent payments.  Comprehensively, this is sufficient to show irreparable injury under PACA.  See Rey Rey Produce SFO, Inc., 2008 U.S. Dist. LEXIS 40607, at *5-6 (finding evidence of prior bounced checks and unfulfilled promises to pay established irreparable injury element for a TRO under PACA).

In light of the discussion above, the court finds Plaintiff is entitled to a TRO.  Accordingly, the court issues the following order which contains some, but not all, of the injunctive provisions proposed by Plaintiff.

### III.   ORDER

Based on the foregoing, Plaintiff's *ex parte* application for a TRO is GRANTED such that:

1.   Pending the hearing on the Order to Show Cause scheduled herein, Imperial, Skolnick, and their respective agents, attorneys, officers, assigns and any other of their banking institutions must not pay, withdraw, transfer, assign or sell any and all existing PACA trust assets or otherwise dispose of corporate or personal assets to any creditors, persons or entities until further order of this court.

2.   Pending further order of this court, no banking institution holding funds for any defendant shall pay, transfer, or permit assignment or withdrawal of any existing PACA trust assets held on behalf of defendants.  Further, pending further order of this court, no banking institution holding funds for any defendant shall pay, transfer or permit assignment or withdrawal of the corporate or personal assets of any defendant without this court's express written approval.

3.   This Order shall be binding upon the parties to this action, their officers, agents, servants, employees, banks, or attorneys and all other persons or entities who receive actual notice of this Order by personal service or otherwise.  In this regard, Defendants shall serve a copy of this Order on all financial institutions with which any of the Defendants does any business, may do business with or who may be holding any PACA trust assets for or on behalf of any of the

Defendants.

4.      Due to the nature of the issued presented by this action, the court dispenses with the bond requirement contained in Federal Rule of Civil Procedure 65(c).

5.      This TRO is effective on upon the date and time of filing and shall remain in effect until the date and time of the hearing on preliminary injunction specified below.

6.      Plaintiff shall forthwith serve Defendants, or their resident agent, or their counsel, with a copy of this Order.  Such service shall be completed no later than **March 7, 2013**.

Defendants are further ORDERED to show cause why they should not be preliminarily enjoined from distributing PACA trust funds as set out in Plaintiff's application for a preliminary injunction.  Defendants shall file a written response, if any, to this Order to Show Cause and Plaintiff's application on or before **March 11, 2013**.  Plaintiff may file a reply to Defendants' response on or before **March 13, 2013**.[2]

Plaintiff's motion for preliminary injunction will be heard on **March 15, 2013, at 11:00 a.m.** in Courtroom 4, 5th Floor, at the United States District Court located at 280 S. 1st Street in San Jose.

**IT IS SO ORDERED.**

Dated:  March 4, 2013

_____
EDWARD J. DAVILA
United States District Judge

---

[2] Because the court has issued an alternate briefing order in connection with the Order to Show Cause, the Motion for Preliminary Injunction is administratively TERMINATED so as to avoid any confusion.

6
Case No. 5:13-cv-00934 EJD
ORDER GRANTING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER; ISSUING ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION